2019R00854/JRE/SD/ms

RECEIVED

JUN 06 2023

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Zahid N. Quraishi, U.S.D.J. |
| v. | : | Crim. No. 23-417 (ZNQ) |
| ALEC M. DONOVAN, | : | CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| Defendant. | : | |
| | : | |

WHEREAS, on or about June 6, 2023, defendant Alec M. Donovan pleaded guilty to a one-count Information ("Information"), which charged Defendant with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A);

WHEREAS, as part of his plea agreement, Defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 2253, all of his right, title, and interest in all computer and computer accessories on which law enforcement discovered visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, and 2260; all visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, and 2260 that were produced, transported, shipped, distributed or received in violation of 18 U.S.C. Chapter 109A; all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information, and all

property traceable to such property, including the following:

    A. one Dell Inspiron laptop;

    B. one Toshiba Satellite laptop; and

    C. one Apple 11 cellphone,

(the "Specific Property");

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 18 U.S.C. § 2253(b)) require publication and notice to third-parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, Defendant:

    1)    Consents to the forfeiture to the United States of the Specific Property as computer and computer accessories used or intended to be used to commit or to promote the commission of the offense charged in the Information to which Defendant has pleaded guilty;

    2)    Agrees that this Order is final as to Defendant at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

    3)    Agrees to consent promptly upon request to the entry of any orders deemed necessary by the United States or the Court to complete the forfeiture and disposition of the Specific Property;

    4)    Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging

instrument, announcement of the forfeiture in Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

    5)    Acknowledges that he understands that forfeiture of the Specific Property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

    6)    Waives, and agrees to hold the United States and its agents and employees harmless from all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Specific Property; and

    7)    Agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment.

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

    1)    As a result of Defendant's conviction of the child pornography offense charged in the Information, pursuant to 18 U.S.C. § 2253, and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), all of Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

    2)    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against Defendant, shall be made part of the sentence of Defendant, and shall be included in the judgment of conviction therewith.

3

3) Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

4) Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5) Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (a) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (b) shall be signed by the petitioner under penalty of perjury, and (c) shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of his or her right, title, and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

6) Any person, other than Defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7) Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

8) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9) This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 6th day of June, 2023.

_____
Honorable Zahid N. Quraishi
United States District Judge


The undersigned hereby consent to
the entry and form of this order:

Philip R. Sellinger
United States Attorney

_____   Dated: 5/18/2023
By: Jessica R. Ecker
Assistant United States Attorney


_____   Dated: 6/5/2023
Alec M. Donovan
Defendant

_____   Dated: 6/5/2023
Nikole Pezzullo, Esq.
Attorney for Alec M. Donovan

6